**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COSMIN DUMITRESCU,

    Plaintiff,

v.

DYNCORP INTERNATIONAL, LLC,

    Defendant.
_____/

CASE NO: _____
**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, the Plaintiff, Cosmin Dumitrescu, by and through his undersigned counsel and, by way of this Complaint, seeks relief against Defendant, DynCorp International, LLC, for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) et seq. ("Title VII").   In support thereof, Plaintiff states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Cosmin Dumitrescu ("Plaintiff" or "Mr. Dumitrescu"), is an adult male citizen and resident of Romania.   Plaintiff worked with DynCorp as an employee in Afghanistan and communicated directly with DynCorp human resources employees about the retaliation and other issues set forth herein in the State of Texas.

2. Defendant, DynCorp International, LLC ("Defendant" or "DynCorp"), is a foreign corporation, which has its principal place of business in McLean, Virginia and regularly conducts business in the District of Columbia.

3. Defendant DynCorp is primarily engaged in the business of contracting to the government of the United States of America. Accordingly, at all times relevant in this

Complaint, Executive Order 11246, as amended, was applicable to DynCorp as it relates to Plaintiff's employment.

4. Defendant is, and has been, a covered employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).

5. Plaintiff is an "employee" of Defendant within the meaning of Title VII.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 42 U.S.C. §12117(a) and 42 U.S.C. §2000e(5)(f)(3).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

8. Plaintiff Dumitrescu had a very successful career with DynCorp, working for the U.S. Department of State ("DOS") contract DynCorp held from March 2006 until Plaintiff's abrupt termination on July 8, 2015.

9. At all times material to this Complaint, Mr. Dumitrescu performed his job duties with Defendant in a competent and professional manner. Plaintiff Dumitrescu worked in the Country of Afghanistan for Respondent at the Konduz Regional Training Center ("Konduz RTC") and Kabul Gibson Training Center under a DOS contract.

10. Throughout his employment, Mr. Dumitrescu was directed in his work and controlled by DynCorp employees. In particular, daily work activities of Plaintiff were directed by DynCorp employees.

11. Plaintiff Dumitrescu worked in transportation for DynCorp. Thus, for example, daily work assignments to Plaintiff in May and July 2015 were provided by Daily Movement Orders from Ray Davis, a DynCorp employee.

12. Beginning in or around April 2015, Plaintiff's direct supervisor, Mr. Sean

Nguyen, attempted to pursue a sexual relationship with a female co-worker of Plaintiff.  Mr. Nguyen was a DynCorp employee and he also directed the daily activities of Mr. Dumitrescu.  It was Mr. Nguyen that ultimately terminated Mr. Dumitrescu.

13. Over the course of several months, Mr. Nguyen became more aggressive in his pursuit of a romantic relationship with the female employee on the Kabul Gibson Training Center.  Plaintiff Dumitrescu in good faith and on a repeated basis protested and complained about Mr. Nguyen's unwanted sex harassment of Plaintiff's co-worker. Plaintiff's complaints about the sex harassment were made directly to Mr. Nguyen.

14. Following the complaints Plaintiff made to his supervisor, Mr. Nguyen, Defendant, by and through its agents, engaged in a campaign of retaliation and harassment against Plaintiff Dumitrescu.

15. For example, because of Plaintiff's complaints, Mr. Nguyen became embittered and began making negative comments to Plaintiff regarding his friendship with the female employee Mr. Nguyen was pursuing and harassing. Thereafter, Mr. Nguyen started making comments directed to Plaintiff, such as "Some of you have been here too long" and  "This is contract work and it was not supposed to last more than 1 to 2 years."  These statements, intended to suggest termination of employment, were made to threaten and intimidate Plaintiff because of Plaintiff's protected activity.

16. Soon after the comments set forth in paragraph 15 herein, Plaintiff Dumitrescu was notified by Mr. Nguyen on July 8, 2015 that he was being terminated because of alleged insubordination and misconduct.  These allegations were false.  Instead, the termination of Plaintiff was based upon pretextual allegations against Plaintiff Dumitrescu initiated by Mr.

Nguyen in retaliation for Plaintiff's objections about the sexually harassing treatment by Mr. Nguyen of Plaintiff's female colleague.

17. Following Plaintiff's termination in July 2015, Plaintiff complained about his termination to Laura Marr of DynCorp.   Ms. Marr was based in Fort Worth, Texas USA.   Ms. Marr updated Plaintiff Dumitrescu on the status of her investigation and ultimately wrote Mr. Dumitrescu the following:

> **Mr. Dumitrescu,**
> **We have completed a thorough and independent investigation of the issues you submitted. It has been determined that your termination with cause was justified and substantiated. No further action will be taken on DynCorp International's end.**
> **We wish you the best in your future endeavors.**
> **Regards, Laura**
>
> **Laura Marr**
> **Director, Bridge Human Resources**
> *DynCorp International*
> **13500 North Freeway**
> **Fort Worth, TX 76177**
> **Phone 817.224.7483**
> **Cell 817.819.6335**
> **Laura.Marr@Dyn-Intl.com**

18. Soon after his termination, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") for retaliation (referred to herein as the "Charge").   The EEOC charge number assigned to Plaintiff's Charge was 570-2016-00665.

19. Following the filing of his Charge of Discrimination, on or about May 18, 2016, the EEOC issued and mailed a Notice of Right to Sue to Plaintiff.   Plaintiff has filed this Complaint within 90 days of his receipt of the Notice of Right to Sue.

20. All administrative prerequisites, if any, have been met for each claim brought in this Complaint, and each such claim is timely brought.

## COUNT I
### Violations of Title VII (42 U.S.C. §§ 2000e *et seq.*)- Retaliation

21.     Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 20 above as though set forth fully herein.

22.     Plaintiff engaged in actions protected by Title VII, 42 U.S.C. §§ 2000e *et seq.*, when he complained to Defendant about and/or objected to unlawful sex harassment/discrimination against his female co-worker.

23.     Plaintiff further engaged in actions protected by Title VII when he complained and/or objected to Defendant's agent about differential treatment in the workplace involving Plaintiff and his co-worker, including complaining about Mr. Nguyen's treatment, criticisms, and performance discipline of Plaintiff based upon Plaintiff's protests of the sexually harassing treatment of his female co-worker.

24.     Because of Plaintiff's protected actions, Defendant retaliated against Plaintiff by, among other things, treating him in a hostile manner, unfairly applying Defendant's employment policies and work rules to him as compared to other employees, and terminating Plaintiff's employment.

25.     The acts and omissions committed by Defendant were willful, malicious and in reckless disregard of Plaintiff's protected civil rights.

26.     As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, pay, lost benefits, and compensatory damages against Defendant.

## COUNT II
### Breach of Implied Contract

27.     Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 20 above as though set forth fully herein.

28.     Defendant was required under United States Executive Order No. 11246, as amended, to not engage in discrimination or violations protected by Title VII, 42 U.S.C. §§ 2000e et seq.

29.     Plaintiff was discriminated against in violation of Executive Order No. 11246, when he was terminated for complaining and/or objecting to sexual harassment in the workplace, including complaints about Defendant's agent engaging in differential treatment in the workplace involving Plaintiff and his co-worker, complaining about Mr. Nguyen's treatment, criticisms, and performance discipline of Plaintiff based upon Plaintiff's protests of the sexually harassing treatment of his female co-worker, and other acts.

30.     Plaintiff had an implied agreement with Defendant that Defendant would not engage in discrimination and would comply with the anti-discrimination laws as required by Executive Order No. 11246, and its contract with the United States, that Plaintiff relied upon in complaining about Mr. Nguyen's discriminatory treatment of Plaintiff's female co-worker and Plaintiff.

31.     Defendant breached its agreement with Plaintiff by terminating Plaintiff's employment because he complained of sex discrimination in the workplace.

32.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has

suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, justifying an award including, but not limited to, pay, lost benefits, and other damages against Defendant.

**WHEREFORE**, Plaintiff, Cosmin Dumitrescu, respectfully requests that this Honorable Court grant the following relief:

(a) Enter judgment on behalf of Plaintiff against Defendant on all counts herein;

(b) Award Plaintiff back pay including lost benefits and front pay;

(c) Award Plaintiff compensatory damages under Title VII in an amount to be determined by the jury;

(d) Award Plaintiff punitive damages for Defendant's willful violations of Title VII;

(e) Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest; and

(f) Such other or further relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated: August 17, 2016

Respectfully submitted,

 Neil L. Henrichsen 
Neil L. Henrichsen
DC Bar No. 42026
HENRICHSEN SIEGEL, P.L.L.C.
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
Phone: (202) 862-4356
Fax: (202) 379-9792
nhenrichsen@hslawyers.com
Trial Counsel for Plaintiff