# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COSMIN DUMITRESCU, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-1680 (ABJ) |
| DYNCORP INTERNATIONAL, LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Cosmin Dumitrescu has brought a breach of contract action against defendant DynCorp International, LLC. Plaintiff is a Romanian citizen who was a contract employee of DynCorp, a government contractor performing work in Afghanistan. He alleges that defendant breached an implied contract with him to refrain from employment discrimination after it terminated his employment in response to his reports of sexual harassment. Am. Compl. [Dkt. # 6]. Defendant has moved to dismiss the action for lack of subject matter jurisdiction,[1] lack of personal jurisdiction, improper venue, and failure to state a claim. Mot. to Dismiss Am. Compl., or in the Alternative, Transfer [Dkt. # 8] ("Def.'s Mot.") at 1. Because the Court finds that it lacks personal jurisdiction over defendant and that venue is not proper in this district, it will transfer the action to the United States District Court for the Eastern District of Virginia.

---

1   Defendant moved to dismiss under Rule 12(b)(1), but it failed to explain why it maintains that the Court lacks subject matter jurisdiction. *See* Def. Mot. at 1. Plaintiff alleges that jurisdiction is predicated upon 28 U.S.C. 1332(a). Am. Compl. ¶ 5. Diversity of citizenship appears on the face of the complaint, and while plaintiff does not set out a specific dollar amount in controversy, *see* Am. Compl. ¶¶ 1–2, he seeks "back pay, lost benefits, front pay and other damages." Am. Compl. at 6. Before dismissing a case for want of jurisdiction, the court should be "very confident that a party cannot recover the jurisdictional amount," *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993), so the case will not be dismissed on that basis at this time.

## BACKGROUND

Plaintiff alleges that defendant had a contract with the State Department to provide certain services in Afghanistan. Am. Compl. ¶¶ 7–8. While plaintiff does not specifically allege the exact requirements of DynCorp's contract with the State Department, he alleges that he worked for defendant at the Kunduz Regional Training Center and Kabul Gibson Training Center in Afghanistan from March 2006 until his termination on July 8, 2015. Am. Compl. ¶¶ 7–8, 10.[2] According to plaintiff, beginning around April 2015, plaintiff's direct supervisor attempted to pursue a sexual relationship with plaintiff's female coworker. *Id.* ¶ 11. Plaintiff alleges that when he voiced his objections to these sexual advances, the supervisor began to "engage in a campaign of retaliation and harassment against" him. *Id.* ¶¶ 11–13. Plaintiff claims that ultimately, he was terminated on July 8, 2015 in retaliation for objecting to the harassment of his co-worker. *Id.* ¶ 15.

Plaintiff filed this lawsuit on August 17, 2016, alleging that defendant retaliated against him in violation of Title VII, and that it breached an implied contract with him to comply with United States anti-discrimination laws in its performance of its contract with the State Department.

---

2    While plaintiff claims that his work with DynCorp was not governed by an express contract, Am. Compl. ¶ 23, DynCorp attached a copy of a contract between its subsidiary, DynCorp International FZ-LLC, and plaintiff to its motion to dismiss. *See* Att. 1 to Decl. in Supp. of Mot. to Dismiss [Dkt. # 8-2]. Under the terms of the January 1, 2015 contract, plaintiff was employed as a "Transport PST Member" for a term of one year. *Id.* at 1–2. Defendant predicates its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on this contract, and it argues that a cause of action for breach of implied contract is unavailable when the parties have an express written agreement. Mem. in Supp. of Def.'s Mot. [Dkt. # 8-1] at 6–7. While this argument appears to have considerable force as a legal proposition, the Supreme Court has stated that a court "is powerless to proceed to an adjudication" on the merits when it lacks personal jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999), quoting *Empl'rs Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (noting that "a federal court generally may not rule on the merits of a case without first determining that is has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)"), citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–102 (1998). So the Court is constrained to leave any adjudication of the merits to the United States District Court for the Eastern District of Virginia.

Compl. [Dkt. # 1].  On December 19, 2016, plaintiff filed an amended complaint which dropped the Title VII claim but retained the breach of implied contract claim.  Am. Compl.  Plaintiff alleges that even though he "had no express contract with Defendant," since DynCorp is a U.S. government contractor, it was bound by an implied contract with plaintiff to comply with Executive Order 11246, which prohibits government contractors from engaging in employment discrimination.  Am. Compl. ¶¶ 22–23.  The amended complaint alleged a breach of that implied contract.  *Id.* ¶¶ 21–26.

On December 29, 2016, defendant filed its motion to dismiss.  Def.'s Mot.  Plaintiff opposed the motion on January 12, 2017, Pl.'s Mem. of Law in Supp. of Opp. to Def.'s Mot. [Dkt. # 9] ("Pl.'s Opp."), and defendant filed a reply on January 19, 2017.  Reply in Supp. of Def.'s Mot. [Dkt. # 10] ("Def.'s Reply").

## STANDARD OF REVIEW

### I. Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction over each defendant.  *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).  In order to survive a motion to dismiss for lack of personal jurisdiction, the "plaintiff must make a prima facie showing of the pertinent jurisdictional facts."  *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988).  To establish that personal jurisdiction exists, the "plaintiff must allege specific acts connecting the defendant with the forum."  *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 97–98 (D.D.C. 2008), citing *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).  A plaintiff "cannot rely on conclusory allegations" to establish personal jurisdiction.  *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

## II. Venue

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008), quoting *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002). The court may consider material outside of the pleadings. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002), citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## ANALYSIS

### I. This Court Lacks Personal Jurisdiction Over Defendant

There are two types of personal jurisdiction: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction applies regardless of the nature of the claim, but it is only available based on "a limited set of affiliations with a forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.*, quoting *Goodyear*, 564 U.S. at 924.

When subject matter jurisdiction is based on diversity, this Court's "personal jurisdiction over a defendant is coextensive with that of a District of Columbia court." *Helmer v. Doletskaya*,

393 F.3d 201, 205 (D.C. Cir. 2004). Consistent with the *Daimler* standard, the District of Columbia Code provides for general jurisdiction over a defendant who is "domiciled in, organized under the laws of, or maintain[s] his or its principal place of business in" the District. D.C. Code § 13–422.

Plaintiff has not alleged any facts that would establish general personal jurisdiction over defendant. While plaintiff alleges that defendant "regularly conducts business" in this district, Am. Compl. ¶ 2, that conclusory assertion is not sufficient. Plaintiff has specifically alleged that DynCorp is a "foreign corporation, which has its principal place of business in McLean, Virginia," *id.*, and this allegation does not satisfy the D.C. Code or the need to establish for constitutional purposes that the corporation is "at home" in the District of Columbia.

The second type of jurisdiction – specific jurisdiction – "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. To establish specific personal jurisdiction over a non-resident, "a court must engage in a two-part inquiry." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). First, the court must examine whether jurisdiction is applicable under the state's long-arm statute. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). If it is, the court must then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process. *Id.*

Under the District of Columbia's long-arm statute, a "court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13–423(a)(1). Section 13–423(a)(1)'s "transacting any business" clause "is 'given an expansive interpretation' that is 'coextensive with the due process clause.'" *Helmer*, 393 F.3d at 205, quoting *Mouzavires*

*v. Baxter*, 434 A.2d 988, 992 (D.C. 1981). So, where section 13–423(a)(1) is at issue, the statutory and constitutional prongs of the personal jurisdiction questions merge into one inquiry: has the defendant "purposefully established 'minimum contacts with [the District of Columbia] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice?'" *Id.*, quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff insists that the Court can exercise specific jurisdiction because "DynCorp is primarily engaged in the business of contracting to the government of the United States of America," Am. Compl. ¶ 3; Pl.'s Opp. at 2, and he points to the Supreme Court's decision in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Pl.'s Opp. at 4 n.1. It is true that a defendant has minimum contacts with a forum if it "enters into a contract that has a 'substantial connection' with [that] forum." *Helmer*, 393 F.3d at 205, quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). And the Supreme Court held in the *Burger King* case that, in evaluating whether the contract in question has the requisite "substantial connection," courts must weigh certain factors, such as the parties' prior negotiations, the future consequences of the contract, the terms of the contract, and the parties' course of dealing. *Burger King*, 471 U.S. at 479.

But it is not clear that plaintiff's claim "arises from" DynCorp's work in the in the District of Columbia. *See* D.C. Code § 13–423(a). An exercise of specific jurisdiction must be "deriv[ed] from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. And here, while plaintiff alleges that DynCorp was performing work pursuant to a contract with a federal agency located in the District of Columbia, the controversy arose out of the performance of that work in Afghanistan, and all of plaintiff's dealings with DynCorp, or its foreign subsidiary, took place there. Thus, plaintiff has not alleged sufficient facts to show a connection between DynCorp's relationship with the State Department and the dispute in this case.

*See Gowens v. DynCorp*, 132 F. Supp. 2d 38, 41–42 (D.D.C. 2001) (holding that DynCorp's status as a federal contractor did not give rise to personal jurisdiction in this district in a case brought by an employee hired to work in Germany because DynCorp's relationship with the plaintiff did not "have a significant connection to the contract to perform aerospace services that DynCorp executed with the federal government").

Plaintiff also points to sections D.C. Code § 13–423(a)(2) and 13–423(a)(6). Pl.'s Opp. at 4 n.1. Those sections provide for specific personal jurisdiction when a plaintiff asserts a "claim for relief arising from" a defendant's:

> (2) contracting to supply services in the District of Columbia; [or] . . . (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of the contracting, unless the parties otherwise provide in writing.

D.C. Code. §§ 13–423(a)(2), (6).

Both sections are unavailable to plaintiff in this case, because both pertain to circumstances in which a non-resident defendant contracts to supply a service or perform some act *within* the District and a claim then arises from that contract. *See id.* Here, plaintiff specifically alleges Dyncorp's contract called for work to be performed "in dangerous areas of Afghanistan," and he has not alleged that he has any claim arising out of a contract in which defendant contracted to supply services in the District of Columbia. *See* Am. Compl. ¶ 23.[3]

---

3 Because the invocation of general jurisdiction relates to whether a defendant is "at home" in a particular district, and the invocation of specific jurisdiction must be based on the facts of the case at hand, plaintiff's allegation that defendant did not object to personal jurisdiction in another matter in this district, Am. Compl. ¶ 2; Pl.'s Opp. at 1, 9, is not dispositive of – or even relevant to – the personal jurisdiction inquiry.

## II. Venue is Not Proper in the District of Columbia

Defendant has also moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(3) on the ground that venue in this district is improper. Def.'s Mot. at 1. By statute, civil actions may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff has premised venue in this district on 28 U.S.C. § 1391(b)(3), Am. Compl. ¶ 6, but because the Court has concluded that it lacks personal jurisdiction over defendant, subsection (b)(3) does not provide a basis for venue in this district. And because the defendant does not reside in this district and none of the events at issue occurred here, neither subsection (b)(1) or (b)(2) supply a basis for venue in this district either.

Although lack of personal jurisdiction and venue are sufficient reasons for the Court to dismiss claims, the Court is permitted to instead exercise its discretion to transfer those claims to an appropriate district. 28 U.S.C. § 1406(a) (providing district courts with authority to transfer on the grounds of improper venue); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("A court may transfer a case to another district even though it lacks personal jurisdiction over the defendants"); *see also Shipley v. Bureau of Prisons*, 729 F.Supp.2d 272, 275 (D.D.C. 2010) (transferring case for lack of venue). "Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires

transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011), citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Transfer based on improper venue is preferred over dismissal when "procedural obstacles 'impede an expeditious and orderly adjudication . . . on the merits.'" *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983), quoting *Goldlawr*, 369 U.S. at 466–67. "Refusal to transfer spells the end to the action, while transfer would not prejudice the defendants' position on the merits." *Id.* at 293.

Here, the interest of justice requires the Court to transfer this case to the Eastern District of Virginia where defendant DynCorp has its headquarters. *See* Def.'s Mot. at 1; Def.'s Mem. in Supp. of Def.'s Mot. [Dkt. # 8-1] at 8–9.

## CONCLUSION

Because the Court finds that it lacks personal jurisdiction over defendant and that the District of Columbia is not an appropriate venue for plaintiff's claims, but that jurisdiction and venue in the Eastern District of Virginia appears to be proper, the Court will transfer this matter to the United States District Court for the Eastern District of Virginia.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 30, 2017